# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ROBERT E. OGLE, Litigation Trustee for the Erickson Litigation Trust, Appellant, § § § § | |
| v. § | CIVIL ACTION NO. 3:19-CV-1838-S |
| QUINN MORGAN, et al., Appellee. § § § | Bankruptcy Case No. 16-34392-HDH |
| IN RE: § § ERICKSON INCORPORATED, et al. Reorganized Debtors. § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Robert E. Ogle's, Litigation Trustee for the Erickson Litigation Trust, Appeal of the Bankrtupcy Court's June 26, 2019 Order[1] granting Defendants Quinn Morgan; Kenneth Lau; Centre Lane Partners, LLC; 10th Lane Finance Co. LLC; 10th Lane Partners, LP; ZM Private Equity Fund I, LP; ZM Private Equity Fund II, LP; and ZM EAC LCC's (collectively, "Defendants") Motion to Dismiss. Having considered the relevant pleadings, the record in this case, and the applicable law, the Court finds that the Bankruptcy Court's decision should be **AFFIRMED**.

### I. BACKGROUND

Prior to filing for bankruptcy, Erickson, Inc. ("Debtor") was a company in the helicopter industry. Br. of Appellants 2. In 2013, a shareholder filed a Verified Class Action and Derivative Complaint in the Court of Chancery of the State of Delaware (the "Delaware Action"), challenging Debtor's acquisition of Evergreen International Aviation, Inc. ("EIA"). *See id.* at 2-4. With the

---

[1] That Order incorporated by reference the Bankrtupcy Court's oral ruling ("Oral Ruling") on May 28, 2019.

exception of one entity, all of the Defendants were named in the Delaware Action. *See id.* at 4. In June of 2016, the parties to the Delaware Action filed a Stipulation and Agreement of Compromise, Settlement, and Release ("Settlement"). R. at 0596. In September of 2016, the presiding judge of the Delaware Action held a hearing to determine whether to approve the Settlement. *Id.* at 0811. Following the hearing, the court entered an Order and Final Judgment ("Delaware Judgment") approving the Stipulated Settlement, finding that its terms and conditions were "fair, reasonable, and adequate, and in the best interests of Plaintiff, the Class and the Company." *Id.* at 0675. The Delaware Judgment also provided for the release of all claims "which are based upon, arise out of, relate in any way to, or involve, directly or indirectly . . . the [EIA] Transaction," *id.* at 0676, and permanently enjoined Debtor as follows:

> [Debtor] . . . [its] legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them . . . shall hereby be forever barred and enjoined from commencing, instituting, or prosecuting the released claims against the [d]efendants.
>
> *Id.* at 0680.

On November 8, 2016, Debtor filed for Chapter 11 bankruptcy. Br. of Appellants 5. Pursuant to the terms of Debtor's Second Amended Joint Plan of Reorganization, Debtor assigned claims against Defendants, as well as certain other claims, to the Erickson Litigation Trust for prosecution by its trustee, Robert E. Ogle ("Trustee"). *See id.*[2] Trustee filed this action on July 23, 2018, bringing twelve claims for avoidance of the acquisition of EHI and the Delaware Settlement under theories of actual and constructive fraudulent transfers. R. at 0035. On June 26, 2019, the Bankruptcy Court entered an order ("Order") dismissing all claims, which incorporated

---

[2] *See also* Order Confirming the Second Amended Joint Plan of Reorganization of Erickson Incorporated, et al., Pursuant to Chapter 11 of the Bankruptcy Code 69, *In re Erickson Inc.*, Bankr. Case No. 16-34393-HDH11 (Bankr. N.D. Tex. 2016), ECF No. 581

2

by reference its May 28, 2019 oral ruling ("Oral Ruling"). R. at 0010-11. Trustee filed his Notice of Appeal on July 10, 2019 [ECF No. 1]. On August 30, 2019, Trustee filed his Appellant's Brief [ECF No. 5] and designated the following issue for appeal: Did the Bankruptcy Court err when it dismissed the Trustee's avoidance claims? On October 29, 2019, Defendants filed their Response Brief [ECF No. 14]. Trustee filed a Reply Brief [ECF No. 17] on December 4, 2019.

## II.     LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). Here, the Order was based on conclusions of law; therefore, the standard of review is *de novo*. *See id.*

## III.     ANALYSIS

### A.     *Did the Bankrtupcy Court Err in Dismissing Trustee's Avoidance Claims Related to Debtor's Acquisition of EIA (Counts 1, 2, and 3)?*

Trustee argues that the Bankruptcy Court erred in concluding that the Trustee was a "successor" or "assignee" of Debtor such that the Delaware Judgment's injunction on future suits should apply to bar claims related to Debtor's acquisition of EIA. Br. of Appellants 8; *see also* R. at 0680 ("[Debtor] . . . [its] legal representatives, . . . successors, . . . and assigns . . . shall hereby be forever barred and enjoined from commencing, instituting, or prosecuting the released claims against the [d]efendants."). The Court has conducted a *de novo* review of this conclusion and affirms the Bankruptcy Court for the reasons stated in the Order, which incorporated the Oral Ruling by reference. Specifically, the Court finds that these avoidance claims "relate . . . to . . . the [EIA] Transaction," and the Trustee is enjoined from bringing these claims because he is an

3

assignee, successor, and legal representative[3] of Debtor. Therefore, the Delaware Judgment enjoins him from bringing Counts 1, 2, and 3.[4]

**B.** *Did the Bankruptcy Court Err in Dismissing Trustee's Constructive Fraudulent Transfer Claims Related to the Delaware Judgment (Counts 7 and 9)?*

Trustee argues that the Bankruptcy Court erred in dismissing Counts 7 and 9 pursuant to the *Rooker-Feldman* doctrine and *Besing v. Hawthorne (In re Besing)*, 981 F.2d 1488 (5th Cir. 1993). The Court has conducted a *de novo* review of this conclusion and affirms the Bankruptcy Court for the reasons stated in the Order, which incorporated the Oral Ruling by reference. Specifically, the Court finds that *Besing* bars Trustee's constructive fraudulent transfer claims related to the Delaware Judgment. *See id.*

### (1) *Constructive Fraudulent Transfers*

Pursuant to 11 U.S.C. § 548(a)(2)(A) and (B)(ii),

> "[a] trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . *received less than a reasonably equivalent value* in exchange for such transfer or obligation; and . . . was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital . . . ."

(emphasis added). An exchange for a transfer or obligation has "reasonably equivalent value" if "the debtor has received value that is substantially comparable to the worth of the transferred properties." *Stanley v. U.S. Bank Nat'l Ass'n (In re TransTexas Gas Corp.)*, 597 F.3d 298, 306 (5th Cir. 2010) (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 548 (1994)). "The debtor

---

[3] The Debtor's Second Amended Joint Plan of Reorganization states, "[t]he Litigation Trustee *shall be the estate representative* designated to prosecute any and all Litigation Trust Causes of Action." Order Confirming the Second Amended Joint Plan of Reorganization of Erickson Incorporated, et al., Pursuant to Chapter 11 of the Bankruptcy Code 69, *In re Erickson Inc.*, Bankr. Case No. 16-34393-HDH11 (Bankr. N.D. Tex. 2016), ECF No. 581 (emphasis added).

[4] Because those Counts fail, the Court affirms the Bankrtupcy Court's dismissal of Counts 4 and 5.

4

need not receive a dollar-for-dollar benefit, but rather a benefit within the range of an arm's-length transaction." *Gilmour v. Conn. Gen. Life Ins. (In re Victory Med. Ctr. Mid-Cities, LP)*, 601 B.R. 739 (Bankr. N.D. Tex. 2019) (quoting *In re 1701 Commerce, LLC*, 511 B.R. 812, 840 (Bankr. N.D. Tex. 2014)).

### (2) *Besing*

In *Besing*, the Fifth Circuit addressed "reasonably equivalent value" and its relation to prior state court judgments. In that case, prior to bankruptcy, the debtors sued Lyn Nobel Hawthorne ("Hawthorne") in Texas state court seeking specific performance of an alleged settlement agreement or damages for breach of the agreement. *In re Besing*, 981 F.2d at 1480. Hawthorne filed a counterclaim seeking a declaratory judgment and sought the recovery of several business debts. *Id.* As a result of a discovery abuse, the state court entered a sanction order striking the debtors' pleadings and dismissing with prejudice their claims for affirmative recovery. *Id.* Shortly thereafter, the state court entered a final judgment in favor of Hawthorne. *Id.*

Subsequently, the debtors filed petitions for relief under Chapter 11. *Id.* at 1490-491. In an adversary proceeding, the debtors attempted to avoid the state-court judgment as a fraudulent transfer, arguing that the judgment constituted a transfer of their claims for which they received no value. *Id.* at 1491. The bankruptcy court dismissed the claims, and the Fifth Circuit affirmed. The Fifth Circuit noted that "[t]o avoid the Texas court's judgment [as a constructive fraudulent transfer], the [d]ebtors must also establish, *inter alia*, that they received less than a reasonably equivalent value for their claims." *Id.* at 1494 (citing 11 U.S.C. § 548(a)(2)(A)). The court went on to hold that, as a matter of law, the Texas state court's striking of the debtors' claims constituted a transfer for "reasonably equivalent value." *In re Besing*, 981 F.2d at 1496. Therefore, because the debtors could not establish that they received less than reasonably equivalent value from the

transfer of their claims, the bankruptcy court properly dismissed the debtors' constructive fraudulent transfer claims. *Id.*

### (3) *The Delaware Judgment*

As in *Besing*, the Court finds that the Delaware Judgment establishes reasonably equivalent value as a matter of law. Delaware law mandates court approval of a settlement of a derivative action, s*ee* Del. Ch. Ct. R. 23.1(c), due to "the fiduciary nature of the [litigation]," *Forsythe v. ESC Fund Mgmt. Co. (U.S.)*, C.A. No. 1091-VLC, 2012 WL 1655538, at *2 (Del. Ch. May 9, 2012). In making this determination, the reviewing court "must consider the nature of the claims, possible defenses, the legal and factual circumstances of the case, and then apply its own business judgment in deciding whether the settlement is [fair] *and reasonable*." *Id.* at *3 (emphasis added). Here, the Delaware court found that the Settlement Agreement was "fair, reasonable, and adequate, and in the best interests of Plaintiff, the Class and the Company." R. at 0675. The Court finds that this approval bars Trustee's ability to establish that Debtor received less than a reasonably equivalent value for its claims.[5] *See In re Besing*, 981 F.2d at 1496. Therefore, the Court affirms the Bankruptcy Court's dismissal of Counts 7 and 9.

### C. *Did the Bankruptcy Court Err in Dismissing Trustee's Actual Fraudulent Transfer Claims (Counts 6 and 8)?*

Finally, Trustee argues the Bankruptcy Court erred in dismissing Counts 6 and 8 for failure to state a claim. The Court has conducted a *de novo* review of this conclusion and affirms the

---

[5] The Court notes that, unlike in *Besing*, the Delaware court's finding was not an "adjudication on the merits." *See Forsythe*, 2012 WL 1655538, at *3. It did, however, require "more than a cursory scrutiny by the court of the issues presented." *Rome v. Archer*, 197 A.2d 49, 53 (Del. 1964). Moreover, because the Delaware court's finding went to the heart of reasonableness of the Settlement Agreement, the Court does not see a set of facts where the Trustee can prove a lack of reasonably equivalent value without overturning the Delaware Judgment. *See In re Besing*, 981 F.2d at 1496 ("The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings].") (citation omitted) Accordingly, the principles of *Besing* apply with equal force, as the Court will not "look behind" the Delaware Judgment and "make an independent evaluation [of the reasonableness of the Settlement Agreement]." *Id.*

Bankruptcy Court for the reasons stated in the Order, which incorporated the Oral Ruling by reference. Specifically, claims for actual fraudulent transfer must satisfy the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *See Tink3 Litig. Tr. v. Zuccarello (In re Think3, Inc.)*, 529 B.R. 147, 197 (Bankr. W.D. Tex. 2015). The Fifth Circuit has described Rule 9(b) as requiring the plaintiff to set forth the "who, what, when, where, and how of the alleged fraud." *O'Cheskey v. CitiGroup Glob. Mkts., Inc. (In re Am. Hous. Found.)*, 543 B.R. 245, 265 (Bankr. N.D. Tex. 2015). To meet this requirement in actual fraudulent transfer actions, courts consider various "badges of fraud," including: (1) the lack or inadequacy of consideration; (2) the family, friendship, or close associate relationship between the parties; (3) the retention of possession, benefit, or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of events and transactions under inquiry. *Id.* Here, while Trustee makes conclusory allegations related to the badges of fraud, those pleadings are not sufficient to meet Rule 9(b) standards with respect to fraudulent intent. *See* Br. of Appellees 36-41. Accordingly, the Court affirms the Bankruptcy Court's dismissal of Counts 6 and 8.[6]

## IV.    CONCLUSION

For the foregoing reasons, as well as the reasons stated in the Order, which incorporated the Oral Ruling by reference the Court **AFFIRMS** the Bankruptcy Court's decision.

---

[6] Because those Counts fail, the Court affirms the Bankrtupcy Court's dismissal of Counts 10 and 11. Moreover, because Counts 1 through 11 were dismissed, the Court affirms the Bankruptcy Court's dismissal of Count 12.

**SO ORDERED.**

SIGNED August 6, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE